# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| REV. CALVIN WARREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13CV1878 CEJ |
| | ) | |
| FEDERAL GOVERNMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis and submission of a civil complaint under 42 U.S.C. § 1983. Based on the financial affidavit plaintiff submitted, the Court finds that plaintiff is unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to file in forma pauperis.

The instant complaint is the latest in a series of frivolous and abusive complaints filed by plaintiff, alleging the same or similar facts. Therefore, the Court will dismiss this action with prejudice under 28 U.S.C. § 1915(e). Additionally, the Court will caution plaintiff against filing further frivolous actions.

### Standard

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff brings this action against several persons and entities, including President Obama, "every judge of every race," "every lawyer of every race," Billy Graham, and the St. Louis Public Library. As grounds for filing this action in federal court, plaintiff cites to the Constitution, the Bible, the HIV epidemic, and herpes.

Plaintiff alleges that the library will not issue him a library card because he has no address. Plaintiff further alleges that unknown entities have tried to murder his sons and rape his son's wives. Plaintiff's allegations are delusional, and therefore, they are factually frivolous under Denton. 504 U.S. at 31.

Plaintiff has made the same or substantially similar allegations in prior complaints he filed in this Court.  See Warren v. Federal Government, 4:13CV1780 CEJ (E.D. Mo.); Warren v. Federal Government, 4:13CV1634 HEA (E.D. Mo.); Warren v. Federal Government, 4:13CV1570 JAR (E.D. Mo.); Warren v. Federal Government, 4:13CV1560 CEJ (E.D. Mo.); Warren v. Federal Government, 4:13CV1465 CEJ.  The Court "is vested with discretion to impose sanctions upon a party under its inherent disciplinary power." Bass v. General Motors Corp., 150 F.3d 842, 851 (8th Cir. 1998).  "[J]udicial resources are limited in the short run and need to be protected from wasteful consumption.  Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." In re Tyler, 839 F.2d 1290, 1292 (8th Cir. 1988) (citations omitted).  And "[d]efendants have a right to be free from harassing, abusive, and meritless litigation." Id. at 1293.  "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process.  These restrictions may be directed to provide limitations or conditions on the filing of future suits." Id. (citations omitted).

The plaintiff's filing of frivolous lawsuits is an abuse of the litigation process. Plaintiff is advised that if he continues to file such lawsuits, the Court may impose restrictions on his ability to proceed in forma pauperis or to file cases in this Court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **granted**.

A separate order of dismissal will accompany this Memorandum and Order.

Dated this 24th day of September, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE